■ In the Matter of the Claim of PHYLLIS HEILMAN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Claimant appeals from a decision of the Unemployment Insurance Appeal Board which affirmed a determination that she was unavailable for unemployment insurance benefits commencing June 12, 1958 and July 8, 1959; that she was overpaid benefits during this period of $505.25, which sum was recoverable inasmuch as she willfully made false statements to the New York State Employment Service concerning her typing ability. As to the period commencing June 12, 1958, the determination stated: "The credible evidence establishes that claimant deliberately furnished incorrect and misleading information to the employment office and to the insurance office [i.e. Kemper Insurance Agency, a former employer] as to her typing skill, for the purpose of hindering any efforts to place her in employment. There was no reasonable explanation for concealing a skill which could be readily utilized in the labor market. The conclusion is inescapable that claimant was not genuinely interested in employment. She was, therefore, unavailable during the time she claimed benefits on her filing June 12, 1958, and she was overpaid in benefits." The testimony as to this phase of the case is confusing and difficult to follow in the record because of the inconsistencies and contradictions of the claimant's testimony as to her typing ability. In some of the positions where she worked she demonstrated qualified typing ability albeit she had informed the employment office her typing was very limited. She passed a test given by an insurance agency on February 3, 1959 but a test given by the employment office on August 28, 1959 was replete with errors. There are other instances in the record as to her typing and as to her ability to type and we are satisfied that the issue was factual and that the board having found against the claimant, there was substantial evidence to sustain its finding. As to the second period of unavailability which commenced on July 8, 1959, the record discloses that the claimant returned a card to the department saying she was unavailable for work and at the hearing testified she spent considerable time during that period in the State of Connecticut trying to open a school, hoping to become self-employed. There is other substantial testimony to sustain this finding. With reference to the finding as to overpayment and which sum it was claimed was recoverable because of willful false statements made by the claimant, the hearing officer found that she had failed to comply with the registration requirements when making her application for the 1958 benefits, that if she had given the proper information as to her skill, there would have been employment for her and further found that the statements were willfully made for the purpose of obtaining benefits. These findings were made by the one who saw and heard the claimant and who decided the factual issue as to availability and who likewise passed upon her credibility. The confusion in the record is due almost entirely to the claimant and under the circumstances we find that the determination of the Commissioner, affirmed by the Referee and the board, was supported by substantial evidence. Decision unanimously affirmed, without costs.